7 Cal.Rptr. 694]

[Civ. No. 19197.   First Dist., Div. Two.   Sept. 15, 1960.]

NANCY M. BEMIS, Respondent, v. BEAUTICIANS' AND BARBERS' UNION LOCAL 148, AFL-CIO et al., Appellants.

Todd & Todd and Henry C. Todd for Appellants.

Severson, Zang, Werson, Berke & Larson, Nathan R. Berke and David C. Bull for Respondent.

KAUFMAN, P. J.—This is an appeal from an order granting a preliminary injunction restraining the defendants from picketing the plaintiff's beauty shop to secure a union shop agreement.

Plaintiff operates a small beauty shop in San Francisco. The business does not affect interstate commerce. The plaintiff's two employees do not belong to and were not represented by the defendant union. (There is evidence that no employee desired to join.) In April, 1959, the defendant Hillam, the business agent for the defendant union, approached the plaintiff to sign a contract with the union which would recognize the union as a bargaining agent of the employees. Plaintiff's refusal to sign the contract led to the peaceful picketing of her place of business.

The preliminary injunction was issued on July 23, 1959. The California rule then was that it was an unlawful labor practice for a union to seek to compel an employer to sign a union shop or closed shop contract when a majority of his employees did not desire to be represented by the union (*Retail Clerk's Union* v. *Superior Court,* 52 Cal.2d 222 [339 P.2d 839]; *Chavez* v. *Sargent,* 52 Cal.2d 162 [339 P.2d 801]; *Garmon* v. *San Diego Bldg. Trades Council,* 49 Cal.2d 595 [320 P.2d 473]). Notice of appeal was filed on September 18, 1959.

( 877 )

Before the briefs in the instant case were filed, the Supreme Court overruled *Garmon* and *Retail Clerk's* and had disapproved the relevant language of *Chavez* (*Petri Cleaners, Inc.* v. *Automotive Employees, etc., Local No. 88,* 53 Cal.2d 455 [2 Cal.Rptr. 470, 349 P.2d 76], and ruled on almost identical facts in *Messner* v. *Journeymen Barbers, etc. International Union,* 53 Cal.2d 873 [4 Cal.Rptr. 179, 351 P.2d 347], that a closed or union shop agreement is a proper objective of a labor union that does not represent any of the employees directly involved. The instant case is substantially like *Laundromatic Co.* v. *Laundry Workers Union,* 180 Cal.App. 2d 854 [4 Cal.Rptr. 861], recently decided by this court.

In view of the foregoing, the order granting the preliminary injunction must be reversed.

Order reversed.

Draper, J., and Shoemaker, J., concurred.